**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LISA LANE, | ) |
| | ) |
|        Plaintiff, | ) |
| v. | ) No. 03-CV-760-TCK-FHM |
| | ) |
| SUNOCO, INC., | ) |
| | ) |
|        Defendant. | ) |

**ORDER**

Before the Court is Defendant's Renewed Motion to Dismiss For Failure to Prosecute and Brief in Support (Docket No. 37).

**I.      Factual Background**

On November 7, 2003, Plaintiff Lisa Lane ("Plaintiff") filed her Complaint against Defendant Sunoco, Inc. ("Defendant") alleging wrongful termination in violation of the Oklahoma Workers' Compensation Act, breach of implied employment contract, and denial of ERISA benefits. On March 11, 2004, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production of Documents. Plaintiff failed to timely respond to such requests, despite numerous attempts by Defendant's counsel to obtain the responses. On June 30, 2004, counsel for the parties agreed to extend the deadline for exchanging witness and exhibit lists after Plaintiff's counsel expressed uncertainty as to whether his client wished to pursue her lawsuit.

On July 24, 2004, Plaintiff sent her attorneys a letter apologizing for her failure to respond to their requests for documents, stating that her health had demanded her attention and declaring that the case was important to her. On July 26, 2004, Plaintiff's counsel reported to Defendant's counsel that he had located Plaintiff but that he did not know if she wished to continue the litigation. On

1

August 24, 2004, Defendant filed a Motion to Dismiss for Failure to Prosecute, to which Plaintiff failed to respond. On September 13, 2004, Defendant filed a Motion to Deem the Motion to Dismiss Confessed, to which Plaintiff also failed to respond. On September 21, 2004, the Court granted Defendant's Motion to Dismiss.

Prior to dismissal, Plaintiff made an appointment with her attorney to meet and discuss the outstanding discovery. On September 24, 2004, Plaintiff met with her counsel. On September 29, 2004, Plaintiff responded to the outstanding discovery requests and filed a Motion to Vacate the Order of Dismissal, arguing that her health had prevented her from prosecuting her case and that she was now able to do so. The Court denied the motion, and Plaintiff appealed. On September 23, 2005, the Tenth Circuit reversed the dismissal because the district court "did not expressly consider the appropriate factors before dismissing the complaint or denying the motion to vacate" and remanded the case to provide the Court with the "opportunity to supply the required analysis." On October 17, 2005, the case was transferred to the undersigned. The Court set a briefing schedule for Defendant to file a Renewed Motion to Dismiss, which is now pending before the Court.

**II.     Application of Factors**

At the outset, the Court recognizes that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular claim' which was at issue in the order to provide discovery." *Id.* The severe sanction of dismissal for failure to prosecute "should be imposed only after careful exercise of judicial discretion." *United States ex rel. Jimenez v. Health Nut, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). To aid in the exercise of its discretion, a court must consider five

factors: (1) the degree of actual prejudice to opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective. *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921.

      A.      <u>Degree of Actual Prejudice to Opposing Counsel</u>

Defendant argues that it was prejudiced by having to expend time and money addressing Plaintiff's failures, including drafting numerous letters regarding the discovery responses, drafting the Motion to Dismiss, drafting the Motion to Deem Confessed, responding to the Motion to Vacate, drafting appellate briefs, and drafting the Renewed Motion to Dismiss. The Court concludes that such expenditures in this case do not amount to legal prejudice. Unlike a case in which a plaintiff's prolonged and repeated failure to produce discovery prevented a defendant from deposing witnesses, developing evidence, or otherwise defending their case, *see LaFleur v. Teen Help*, 342 F.3d 1145, 1151 (10th Cir. 2003), this case was dismissed in its early stages and the defense did not suffer legal prejudice. Although Defendant cited the *LaFleur* decision in support of its showing of prejudice, *LaFleur* is distinguishable in important respects. For example, the plaintiff's failure to produce discovery in that case occurred over a fourteen-month period and in violation of two court orders compelling such responses. In this case, Defendant never moved to compel the responses but instead moved to dismiss. Actual legal prejudice to Defendant is lacking here, and the Court concludes that this factor does not weigh in favor of the sanction of dismissal.

      B.      <u>Interference with the Judicial Process</u>

Defendant is correct that the Northern District of Oklahoma has specific procedures in place

to promote efficient use of the Court's resources upon the filing of a dispositive motion. *See* LCvR 7.2(f). When Defendant moved to dismiss for failure to prosecute, Plaintiff made a decision not to respond to the motion. This decision was made *after* Plaintiff had informed her counsel by letter on July 24, 2004 that the case was "important to her" and that health problems had prevented her from previously responding to her attorneys' requests. This letter provided Plaintiff's counsel with a sufficient basis to respond to the motion to dismiss and assert that any of Plaintiff's failures were based on her medical problems and excusable neglect. Instead, Plaintiff's failure to respond gave Judge Ellison every reason to believe that Plaintiff had no intention of prosecuting her case. In addition, Defendant filed a Motion to Deem the Motion to Dismiss Confessed, to which Plaintiff's counsel also failed to respond. Again, this failure further reinforced Defendants' assertion that Plaintiff did not wish to prosecute her case. In sum, approximately one month passed from the time between Defendant's filing of the Motion to Dismiss and the Court's Order of Dismissal. During this time, Plaintiff had two opportunities to alert the Court that she wished to prosecute her case. Instead, Plaintiff wholly failed to do so, waited until the Court actually ordered dismissal, and only then informed the Court that she wished to prosecute her case. These failures to respond wasted the Court's resources by leading the Court to believe that dismissal was an appropriate sanction.

With respect to the impact on the schedule of the case, granting the motion to vacate would have necessitated an extension of the discovery cut-off and all scheduling dates. However, such extensions are routinely granted by the Court and would not have put a significant strain on judicial resources. Such facts are distinguishable with a situation where a plaintiff has ignored court orders and significantly hindered the court's management of its docket. *See, e.g., LaFleur*, 342 F.3d at 1152-53 (finding second factor weighed in favor of dismissal where court had made "every effort"

to allow the plaintiffs to respond to discovery requests and where magistrate judge held hearing in a futile attempt to accomplish discovery); *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993) (finding interference with judicial process where the plaintiff repeatedly ignored court orders and thereby hindered the court's management of its docket); *Ehrenhaus*, 965 F.2d at 920 (finding dismissal appropriate where plaintiff wilfully failed to comply with a direct court order and therefore made it impossible for court to administer orderly justice).

In sum, Defendant has made some showing of interference with the judicial process. In particular, Plaintiff's failure to respond to the Motion to Dismiss and Motion to Deem Confessed, despite her stated intention to move the case forward, interfered with the process established by the rules of this Court for dealing with unopposed dispositive motions. At the same time, Defendant has not made a showing that Plaintiff ignored court orders or that granting the motion to vacate would have put a significant strain on judicial resources. This factor does not weigh strongly in favor of dismissal.

C.     Plaintiff's Culpability

Plaintiff admits that her conduct caused the failure to respond to discovery requests but argues that there was good cause for such failures based on certain medical problems. Plaintiff offers no explanation for her failure to respond to the Motion to Dismiss and the Motion to Deem Confessed, and the Court concludes that Plaintiff also caused these failures.[1]

Judge Ellison addressed Plaintiff's culpability in his Order denying the motion to vacate. Judge Ellison acknowledged Plaintiff's explanation of her dilatory conduct as being caused by

---

[1] For purposes of this analysis, a plaintiff is liable for the acts and omissions of his counsel. *LaFleur*, 342 F.3d at 1153.

5

physical and emotional health problems but also noted that during this time Plaintiff "was a full-time student at Tulsa Community College during the time she was neglecting her discovery responsibilities. Furthermore, Lane's counsel had reestablished contact with her by July 24, 204, but Lane did not bother to respond to the Defendant's motions that were filed on August 24, and September 13, 2004." (*See* 9/21/04 Order, Doc. 21.) Thus, Judge Ellison appeared to conclude that Plaintiff's conduct was willful and/or more than merely excusable neglect.

Based on the evidence in the record, including the time period that had elapsed, the medical reasons given for the delay, and the filing of the motion to vacate and completion of discovery responses, the Court cannot conclude that Plaintiff's conduct in failing to prosecute was willful, in bad faith, or intentionally disobedient to any Orders of the court. *See LaFleur*, 342 F.3d at 1153 (finding that plaintiff's failures were willful where over fourteen months elapsed during which the plaintiff did nothing to pursue her case); *Ehrenhaus*, 965 F.2d at 920 (dismissal appropriate where plaintiff intentionally refused to appear and the court found such failure was in bad faith and in intentional disobedience of two court orders). In this case, Plaintiff's "culpability" was merely negligent, has now been corrected, and does not weigh strongly in favor of dismissal.

D.      Advance Warning and Efficacy of Lesser Sanctions

Plaintiff did not have a warning directly from the Court that dismissal would be imposed as a sanction. *See Ehrenhaus*, 965 F.2d at 920 (finding party on notice when warning of dismissal made directly from the court). However, Plaintiff did have warning that her case would be dismissed based on Defendants' filing of the Motion to Dismiss and Motion to Deem Confessed. Under the circumstances presented and the local rules of the Court, a party is always on notice that a case is subject to dismissal when a motion to dismiss is filed and the party fails to respond. Thus,

Plaintiff had at least an indirect warning that her case was subject to dismissal.

With respect to lesser sanctions, the Tenth Circuit has stated that, in many cases, a lesser sanction than dismissal will deter the errant party from further misconduct. *Id.* Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, "it should be used as 'a weapon of last, rather than first, resort.'" *Id.* In this case, lesser sanctions were never requested and never contemplated by the Court. Because Defendant did not file a motion to compel, the Court did not order Plaintiff to respond to the discovery requests before dismissing the case. At the same time, there is no reason to believe a party would respond to an Order of the Court when such party has wholly failed to respond to a Motion to Dismiss and a Motion to Deem Confessed.

Nonetheless, it is undisputed that Plaintiff has now complied with the discovery requests and has indicated her willingness to prosecute by filing the Motion to Vacate, filing the appeal, and completing the necessary briefing before the Court. The factors of Plaintiff's culpability and the efficacy of lesser sanctions do not weigh strongly in favor of dismissal.

E.   Conclusion

This Court would not ordinarily find dismissal to be an appropriate sanction for a discovery violation where no motion to compel was filed and where there is no evidence of bad faith or willful disobedience of a court order. In this case, there is the additional fact of Plaintiff's failure to respond to the Motion to Dismiss and Motion to Deem Confessed, which is the failure that caused the most significant interference with the judicial process in this case. Nonetheless, the Court concludes that Plaintiff's lack of willful or bad-faith conduct, Plaintiff's proferred good-faith reason for the delay in producing her discovery responses, and Plaintiff's eventual compliance with the discovery requests and willingness to proceed with her case outweigh any prejudice to Defendant and any

7

interference with the judicial process that may have been occasioned by her dilatory conduct. Accordingly, the Court concludes that the "aggravating factors" in this case do not outweigh the judicial system's "strong predisposition to resolve cases on their merits." *See Ehrenhaus*, 965 F.2d at 921.

IT IS THEREFORE ORDERED that Defendant's Renewed Motion to Dismiss (Docket No. 37) is DENIED. The parties are ORDERED to submit a Joint Status Report no later than March 31, 2006. Plaintiff is hereby warned that any failures to comply with the new deadlines set in this case may subject the case to immediate dismissal.

As a sanction for Plaintiff's conduct that caused the interference with the judicial process, Plaintiff is hereby ORDERED to pay the costs and fees associated with the filing of Defendant's Renewed Motion to Dismiss. Defendant shall submit a motion for the award of such fees and a proposed order no later than March 29, 2006.

**IT IS SO ORDERED** this 16th day of March, 2006.

**TERENCE KERN**
**United States District Judge**